UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON REARDON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-3138-MMM |
| | ) |
| PAT SMITH and CAROL MANSFIELD, | ) |
| | ) |
| Defendants. | ) |

### **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, pursues a § 1983 action alleging deliberate indifference to his serious medical needs at the Taylorville Correctional Center ("Taylorville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges a history of spontaneous rupture of his eardrums, resulting in hearing loss. On June 6, 2016, at approximately 11:20 PM, Plaintiff felt a pop in his right ear and began experiencing a yellow mucus discharge. Plaintiff told an unidentified officer that he believed his eardrum had ruptured. The officer called the healthcare unit and was told that Plaintiff was to report to the unit at 5:45 a.m. the following morning.

Plaintiff claims that he was unable to sleep due to the pain. He was seen the following morning by Jane Doe #1, identified as Nurse Pat Smith. Nurse Smith conducted a physical exam, while Jane Doe, #2, identified as Carol Mansfield, made entries in Plaintiff's medical record. Plaintiff told the Defendants this his pain was a "10" on a 10-point scale. He claims that Defendant Mansfield incorrectly recorded his pain level as a "6". Plaintiff asserts that, even though he met the protocols to be referred to a physician, the Defendant nurses refused to do so. Instead, they prescribed Tylenol and over-the-counter cold and allergy medicine.

Plaintiff claims that later that day, his left ear also began discharging mucus and that his hearing in both ears deteriorated. On June 8, 2016, he developed a milky film over his eyes. Plaintiff went to the healthcare unit on June 9, 2016, complaining of the left ear and eye symptoms. The Defendant Nurses allegedly refused to see Plaintiff, claiming he had to wait three days between nursing sick call visits.

Plaintiff's mother apparently called the prison, prompting Nurse Galvan to call Plaintiff to the health care unit. Defendant Galvin remained in the room as Nurse Randy conducted an examination. Nurse Randy allegedly confirmed that Plaintiff's eardrum had ruptured. He called a physician, and received orders for Plaintiff to receive antibiotic eardrops. Plaintiff was seen by a physician the following day and was given oral antibiotics as well.

Plaintiff claims to have tinnitus (ringing in his ears), and loss of hearing due to the Defendants' failure to timely treat his ruptured eardrum. He also alleges the intentional infliction of emotional distress.

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth

Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996). Here, Plaintiff states a colorable claim of deliberate indifference against Defendants Smith and Mansfield.

Plaintiff also asserts a state law claim for the intentional infliction of emotional distress. "Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in 'extreme and outrageous conduct' that resulted in severe emotional distress." *Dent v. Nally*, No. 16-00442, 2016 WL 2865998, at *4 (S.D. Ill. May 17, 2016) (internal citations omitted). "[E]motional distress alone is not sufficient to give rise to a cause of action. The emotional distress must be severe." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (internal citations omitted). "Fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not actionable." *Id*. at 1030. While Plaintiff pleads significant physical symptoms, he does not sufficiently allege symptoms of emotional distress and this claim is dismissed.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claims against Defendants Smith and Mansfield. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. The Clerk is DIRECTED to replace Jane Doe #1 with the name Pat Smith and Doe #2 with the name Carol Mansfield.

3

2. Plaintiff files [5], a motion for recruitment of *pro bono* counsel, attaching a letter from one law office declining the representation. The Court finds that this one inquiry is not sufficient to establish that Plaintiff made a reasonable attempt to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

11/1/2017
_____                    s/Michael M. Mihm
ENTERED                            MICHAEL M. MIHM
                                        UNITED STATES DISTRICT JUDGE